# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MYRTLE E. SUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-247-JAR |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Plaintiff Myrtle E. Sutherland (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act.   Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.   For the reasons discussed below, it is ordered that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A).   A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy. . ."   42 U.S.C. §423(d)(2)(A).   Social Security regulations implement a five-step sequential process to evaluate a disability claim.   *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).   This Court's review is limited to two inquiries:   first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.   Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).   The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).   The court may not re-weigh the evidence nor substitute its discretion for that of the agency.   Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).   Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1]   Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.   Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.   20 C.F.R. §§ 404.1521, 416.921.   If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.   At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.   A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.   If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.   If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.   Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.   *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 55 years old at the time of the ALJ's decision.   Claimant obtained her GED. Claimant previously worked as a corrections officer and a stock clerk.   Claimant alleges an inability to work during beginning January 28, 2016 due to limitations resulting from fibromyalgia and osteoarthritis.

## Procedural History

On September 9, 2019, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.   Claimant's application was denied initially and upon reconsideration.   On February 4, 2021, Administrative Law Judge ("ALJ") Michael Mannes issued a partially favorable decision after an administrative hearing.   The ALJ found Claimant was disabled beginning September 28, 2020 when Claimant's age category changed.   However, he found that Claimant was not disabled prior to that date.   Upon appeal to this Court, Defendant voluntarily moved to remand the case for further proceedings.   The remand request was granted on June 7, 2022.

On remand on March 29, 2023, the ALJ issued a partially favorable decision finding Claimant was not disabled from August 5, 2017, the amended onset date, through September 27, 2020.   Claimant was found to be disabled beginning September 28, 2020 when he entered a new age category.   On July 5, 2022, the ALJ issued a second unfavorable decision.   It does not appear

3

that the Appeals Council chose to review of the ALJ's second decision.   As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.   20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.   He determined that, while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform work at the light exertional level.

### Error Alleged for Review

Claimant asserts the ALJ erred in (1) failing to include all of Claimant's impairments and limitations in the hypothetical questions posed to the vocational expert; and (2) failing to properly consider the findings of the physical consultative examiners.

### Hypothetical Questioning of the Vocational Expert

In his decision, the ALJ determined Claimant suffered from the severe impairments of spine disorder, fibromyalgia, dysfunction of major joints, chronic obstructive pulmonary disease ("COPD") and cubital/carpal tunnel syndrome.   (Tr. 680).   The ALJ found none of Claimant's alleged conditions met or was equivalent to a listing.   (Tr. 681-82).   In consideration of her impairments, the ALJ determined that Claimant retained the RFC to perform light work.   (Tr. 682).   In so doing, the ALJ determined Claimant could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, could never climb ladders, ropes, or scaffolding, could frequently reach, handle, and finger, and must avoid exposure to dusts, odors, fumes, and other

pulmonary irritants.  Id.   After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of cashier, routing clerk, and housekeeping cleaner, which all exist in significant numbers in the national economy.  (Tr. 688-89).  Consequently, the ALJ concluded that Claimant had not been under a disability at any time from August 5, 2017, the amended onset date, through September 27, 2020, the date prior to September 28, 2020, the established onset date of the prior partially favorable decision.  (Tr. 689).

Claimant contends the ALJ failed to include all of her impairments and limitations in the hypothetical questioning of the vocational expert.  Specifically, Claimant was evaluated by Dr. Christopher Sudduth on January 27, 2017.  Claimant suffered from knee problems resulting in knee replacement surgery in 2013.  Dr. Sudduth noted Claimant had a normal gait and was able to lift, carry and handle light objects.  However, Claimant was unable to squat and rise from that position.  She was able to rise from a sitting position without assistance and had no difficulty getting up and down from the exam table.  Claimant was able to walk on heels and toes with ease. Tandem walking was normal and Claimant could stand but not hop on one foot bilaterally.  (Tr. 415).  The ALJ acknowledged Dr. Sudduth's evaluation but stated in his decision, "On physical exam, she was to squat and rise from that position."  (Tr. 683).  Defendant attributes this to a scrivener's error but this Court has no way of divining this since the ALJ failed to include the limitation in his RFC or his hypothetical questioning of the vocational expert.  Moreover, while the Dictionary of Occupational Titles does not utilize the term "squatting" among the required functions of the jobs listed, it is easily and logically equated to either "kneeling" or "crouching" –

terms used in the DOT.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations."   White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001).   A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. R. 96–8p.   The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id.   The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."   Id.   The combination of the ALJ's seemingly inconsistent or incorrect recitation of Claimant's ability to squat and rise in the decision, the fact some if not all of the jobs identified by the vocational expert involve some form of squatting (or kneeling or crouching), and the fact that squatting in the form of kneeling and crouching was allowed "occasionally" in the RFC leads this Court to remand the case for reconsideration of this issue by the ALJ.   Should the limitation be included in the RFC, the hypothetical questioning of the vocational expert should mirror that limitation.

**Evaluation of the Consultative Examiners' Findings**

Claimant also contends the ALJ did not properly evaluate the findings of Dr. Manuel J. Calvin, a consultative examiner.   Dr. Calvin found Claimant would miss three or more days of

6

work due to "fibromyalgia & osteoarthritis result in constant pain & fatigue."   (Tr. 540).   He also assessed Claimant's pain from these conditions indicating significant limitations.   (Tr. 541).   The ALJ found these assessments as "not persuasive" because they were inconsistent with benign findings documented by Dr. Calvin.   The ALJ engaged in confusing language again in assessing Dr. Calvin's report by stating, "he failed to degree the degree of fatigue the claimant was experiencing."   (Tr. 686).

Because Claimant filed her claim after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c.   Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]"   20 C.F.R. §§ 404.1520c(a), 416.920c(a).   Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors.   20 C.F.R. §§ 404.1520c(b), 416.920c(b).   The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.").   20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered.   *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors

7

were considered.  Id.  However, if the ALJ finds "that two or more  medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]"  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."  Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004); *see also* Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability").

On remand, the ALJ should re-evaluate and bolster his findings on supportability and consistency as those findings pertain to Dr. Calvin's report.   He should also edit the language used in his decision in order to provide clarity on review.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2024.

_____

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE